UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EMMANUEL DONKOR,**<br><br>           **Plaintiff,**<br><br>     v.<br><br>**UNITED STATES,**<br><br>           **Defendant.** | Civ. No. 2:12-cv-04056 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

  This matter comes before the Court on Plaintiff Emmanuel Donkor's motion to appeal the bail determination of an Immigration Judge, and Defendant's cross motion to dismiss for lack of subject matter jurisdiction. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is **DENIED**, and the action is **DISMISSED**.

  Plaintiff is currently in removal proceedings before the Immigration Court. *See* Pl.'s Br. at 3, ECF No. 1; Notice of Hearing in Removal Proceedings,[1] Declaration of James LaForge (hereinafter, "LaForge Decl.") Ex. A, ECF No. 2-1. The Department of Homeland Security alleges that Plaintiff, a citizen of Liberia, is removable to Liberia because he was convicted of possession of a controlled dangerous substance and possession of a prohibited weapon. Pl.'s Br. at 3; Notice to Appear, LaForge Decl. Ex. B, ECF No. 2-1. Plaintiff is being detained while in removal proceedings. *See* Pl.'s Br. at 3; LaForge Decl. ¶ 8. During the proceedings, Plaintiff made a "Motion for Bond Redetermination" before an Immigration Judge, which the Immigration Judge denied. *See* Pl.'s Br. at 2-3; LaForge Decl. Ex. E. Plaintiff now seeks to "appeal" the Immigration Judge's decision. Pl.'s Br. at 2.

  This Court lacks subject matter jurisdiction over Plaintiff's "appeal" for two reasons. <u>First</u>, Plaintiff has failed to exhaust his administrative remedies. To properly exhaust administrative remedies, Plaintiff must appeal the Immigration Judge's bond

---

[1] The Court may consider matters of public record and indisputably authentic documents on a motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

decision to the Board of Immigration Appeals ("BIA").  8 C.F.R. §§ 1003.1(b)(7).  Plaintiff cannot appeal an Immigration Judge's decision directly to federal district court.  *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (holding that an action to review an Immigration Judge's bond decision should be dismissed for failure to exhaust administrative remedies because the petitioner pursued review in the U.S. District Court rather than appealing to the BIA); *cf. Deventura v. Immigration Service*, 05-cv-607, 2005 WL 1318908, *2 (D.N.J. June 1, 2005) (dismissing habeas petition for failure to exhaust administrative remedies because the petitioner did not first seek review with the BIA).

Second, even if Plaintiff had exhausted his administrative remedies, this Court would still lack subject matter jurisdiction because district courts cannot review discretionary orders — including bond determinations — made in immigration proceedings.  8 U.S.C. § 1252(a)(2)(B)(ii); *Ammi v. Longshore DHS*, No. 09-1670, 2009 WL 2588715, at *2 (D. Co. Aug. 21, 2009) (holding that the court lacked subject matter jurisdiction to review a bond determination made by an Immigration Judge); *see also Vasquez v. Attorney General of the United States*, 418 Fed. Appx. 104, 106 (3d Cir. 2011) (holding that the court lacked jurisdiction to review an Immigration Judge's discretionary decision).

Accordingly, Plaintiff's motion is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.  An appropriate order follows.

    /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 9, 2012**